**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of Gorilla Companies, Inc., | No. CV-12-1549-PHX-SMM |
| Debtor. | BK No.  2:09-BK-2898-RJH |
| | 2:09-BK-2901-CGC |
| 13 Holdings, LLC, Robb M. Corwin and Jillian C. Corwin, | 2:09-BK-2903-GBN |
| | 2:09-BK-2905-CGC |
| Appellants, | Adv. No.  2:09-AP-266-RJH |
| vs. | |
| Gorilla Companies, LLC, | **MEMORANDUM OF DECISION AND ORDER** |
| Appellees. | |

Pending before the Court is Appellants Robb and Jillian Corwin and 13 Holdings, LLC (collectively "13 Holdings", unless otherwise specified) who appeal from the final judgment entered by the Bankruptcy Court. (Doc. 1.) The Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). The Court will find that the Bankruptcy Court had authority to enter its final judgment. The final judgment entered will be affirmed in part and denied in part, and remanded for further proceedings consistent with this Order.

## BACKGROUND

13 Holdings LLC is owned by Robb and Jillian Corwin. (No. CV 10-1029, Doc. 75.) In June 2007, pursuant to an Asset Purchase Agreement ("APA"), 13 Holdings sold the assets of several event management companies to Gorilla Companies LLC ("Gorilla") in exchange for an immediate $14 million payment, Gorilla stock worth $1 million, a $1.5 million deferred note, and a "seller note" that could result in an earn out payment of up to $6

1  million depending on Gorilla's performance from March 2007 through February 2008. (Id.)
2  Robb Corwin served as CEO of Gorilla after the asset purchase until his termination in
3  mid-November 2008. (Id.) On April 2, 2008, Gorilla paid the $1.5 million deferred note and
4  made a $1.4 million prepayment on the seller note. (Id.)

5  Subsequently, a dispute arose regarding the amount 13 Holdings should receive under
6  the seller note. (Id.) Gorilla filed suit against 13 Holdings in state court, Gorilla Cos. LLC
7  v. Corwin, No. CV2008-032847 (Ariz. Super. Ct. Dec. 23, 2008). (Id.) 13 Holdings
8  responded and filed counterclaims. (Id., Doc. 30.) The case was removed to the Bankruptcy
9  Court after Gorilla filed chapter 11 bankruptcy, Gorilla Cos. LLC v. Corwin, No. AP-09-266
10 (Bankr. Ariz. Mar. 10, 2009). (Id., Doc. 75.) 13 Holdings subsequently filed proofs of claim
11 in the bankruptcy proceedings, including two claims by Robb Corwin and a claim by 13
12 Holdings, which claims mirrored their state-court counterclaims. (Id., Doc. 30.) Robb
13 Corwin's proofs of claim related to a non-competition clause and consulting agreement (Id.,
14 Doc. 100.) 13 Holdings LLC's proof of claim related to additional payments allegedly due
15 under the seller note. (Id., Doc. 30.) Gorilla responded with counterclaims that mirrored its
16 state-court claims, including breach of contract related to the seller note, breach of the
17 covenant of good faith and fair dealing, negligent misrepresentation, fraud and unjust
18 enrichment. (Id.) 13 Holdings' claims were heard by the Bankruptcy Court on July 16 and
19 21, 2009; Gorilla's claims were heard on November 23 and 30, 2009. (Id., Doc. 75.) On
20 March 22, 2010, the Bankruptcy Court entered final judgment in favor of Gorilla on the
21 claims against it and on its own claims for breach of contract, breach of the covenant of good
22 faith and fair dealing, negligent misrepresentation, fraud, and unjust enrichment. (Id.) The
23 Bankruptcy Court awarded Gorilla more than $4.7 million in damages (including
24 prejudgment interest) and nearly $1.8 million in attorney's fees. (Id.) The Bankruptcy Court
25 framed the March 22 adjudication as a core proceeding under 28 U.S.C. § 157(b)(2)(B) and
26 (C), and treated Gorilla's claims as "compulsory counterclaims to [13 Holdings'] Proof of
27 Claims." (Id., Doc. 30.)
28 ///

*First Appeal*

13 Holdings appealed the Bankruptcy Court's final judgment. Judge David Campbell bifurcated the first appeal, to resolve separately: (1) the constitutional authority of the Bankruptcy Court to enter final judgment against 13 Holdings on Gorilla's counterclaims; and (2) the substantive findings of fact and conclusions of law of the Bankruptcy Court with regard to Gorilla's counterclaims of fraud, lost profits, breach of contract, and the seller note. (Doc. 14-1 at 6.) Judge Campbell concluded this case was a core proceeding and that the Bankruptcy Court had jurisdiction to adjudicate these claims and enter judgment on the issues in the case. (Doc. 10-2 at 52-53.) Regarding Gorilla's counterclaims, Judge Campbell entered an Order affirming in part and reversing in part. (Doc. 10-2 at 66.) Judge Campbell reversed the Bankruptcy Court's judgment regarding Gorilla's counterclaims of fraud, lost profits and breach of contract, but affirmed Gorilla's unjust enrichment claim. (Id.) Judge Campbell did not provide a specific dollar amount that Gorilla was entitled to for its unjust enrichment judgment; rather he remanded for the Bankruptcy Court to determine a new EBITDA[1] calculation consistent with the Court's order. (Id. at 65.) On remand, in order to arrive at the new EBITDA calculation, the Court found that the $297,328 depreciation expense error was not material to the EBITDA calculation (Id. at 62-63), the decision to exclude the $177,000 NFL invoice from the EBITDA calculation was proper (Id. at 64-65), and allowing a reclassification employee deduction of $57,986 for the pre-closing period. (Id. at 66.) In addition, Judge Campbell vacated the Bankruptcy Court's attorney's fee award and remanded for a determination whether attorney's fees should be awarded to either side. (Id. at 65-66.)

On rehearing, Judge Campbell granted rehearing in part and denied allowing a reclassification employee deduction from EBITDA of $57,986 for the pre-closing period. (Id. at 70.)

---

[1] EBITDA stands for earnings before interest, taxes, depreciation and amortization. (Id. at 56, n.3.)

- 3 -

1    13 Holdings again sought rehearing following the Supreme Court's opinion in <u>Stern
2  v. Marshall</u>, 131 S. Ct. 2594 (2011). (<u>Id.</u> at 71-76.) 13 Holdings argued that <u>Stern</u> applied
3  a new test when determining the reach of a Bankruptcy Court's jurisdiction to issue final
4  judgment over counterclaims to proofs of claim. (<u>Id.</u>)  13 Holdings argued that <u>Stern</u>
5  employed a "necessarily resolves" test, where the relevant inquiry is whether the ruling on
6  a proof of claim necessarily resolves the counterclaim. (<u>Id.</u> at 73.) 13 Holdings further
7  contended that the Bankruptcy Court's entry of final judgment on Gorilla's counterclaims
8  failed the <u>Stern</u> test and was therefore unconstitutionally entered. (<u>Id.</u>)

9    Judge Campbell reiterated his finding that Gorilla's counterclaims were core after
10  determining that the counterclaims were necessary to resolve 13 Holdings' proof of claim,
11  which related to additional payments allegedly due under the seller note. (<u>Id.</u> at 74, citing
12  <u>id.</u> at 48.) The Court went on state that 13 Holdings can raise the jurisdictional issue on
13  remand and the Bankruptcy Court can address its jurisdiction. (<u>Id.</u> at 75.)

14    Subsequently, both parties filed applications for attorney's fees under the APA
15  claiming that they were the prevailing party on appeal. (<u>Id.</u> at 77-83.) 13 Holdings argued
16  that the Court had reversed the Bankruptcy Court's findings on breach of contract, breach
17  of the implied covenant of good faith and fair dealing, fraud and negligent misrepresentation.
18  Gorilla argued that the Court affirmed its unjust enrichment claim. (<u>Id.</u>)

19    Judge Campbell found that Gorilla's success was independent of the APA and denied
20  fees both under the APA and A.R.S. § 12-341.01; however, the Court further found that 13
21  Holdings' success on appeal was related to the APA and awarded 13 Holdings' attorney's
22  fees of $127,058.35. (<u>Id.</u> at 83.)

23  *Bankruptcy Remand*

24    On remand, 13 Holdings, pursuant to Fed. R. Civ. P. 60(b)(4) and (b)(6), requested
25  that the Bankruptcy Court set aside its judgment on the basis of <u>Stern</u>, arguing that the
26  judgment was void under <u>Stern</u> or because <u>Stern</u> constituted an extraordinary circumstance.
27  (Doc. 10 at 11-12.)

28    The Bankruptcy Court found that any redetermination regarding its jurisdiction was

- 4 -

*res judicata* because this claim had already been raised and decided on appeal that it had jurisdiction to enter final judgment. (Doc. 10-2 at 114.) The Bankruptcy Court further found that this Court had not reversed its previous ruling on jurisdiction or the Bankruptcy Court's ruling on jurisdiction, and additionally had discussed Stern in the context of the facts of this case. (Doc. 10-2 at 114-26.) Even if the issue of jurisdiction was not *res judicata*, the Bankruptcy Court stated that Gorilla's counterclaim was exactly the kind of claim the Supreme Court held to be within its power. The Bankruptcy Court stated:

> To put it very simply, to determine whether [13 Holdings was] . . . owed more under the seller notes or under any other terms of the APA on which Proofs of Claim were filed, the Bankruptcy Court would necessarily have to resolve if they've been overpaid on that note. And that's what the judgment held.

(Id. at 117.)

Regarding 13 Holdings' Rule 60(b) motion to vacate, the Bankruptcy Court found that Stern is not a challenge to jurisdiction, and thus to the judgment, rather Stern concerns whether the court may proceed by final judgment or by findings of fact and conclusions of law. (Id.) The court denied Rule 60(b)(4) relief on that basis. (Id.) Similarly, the Bankruptcy Court denied the Rule 60(b)(6) motion because 13 Holdings' objections were only to the "form of order," and did not concern a "fundamental" change in the law. (Id.)

Next, the Bankruptcy Court took up the issue of whether attorney's fees should be awarded based upon work performed during trial court proceedings. (Id. at 84-90.) The Bankruptcy Court determined that this Court had not issued an express ruling whether any party was entitled to fees. (Id. at 84.) The court further determined that any consideration of attorney's fees issues by this Court did not establish law of the case regarding a determination of attorney's fees at the bankruptcy trial court level. (Id. at 85.) The Bankruptcy Court found that Gorilla was the prevailing party and entitled to attorney's fees both under the APA and A.R.S. § 12-341.01.

Next, the Bankruptcy Court issued its final judgment. (Doc. 1 at 18-25.) The court issued judgment in favor of Gorilla for $1,985,547. (Id.) Regarding the final EBITDA calculation, the court recalculated based on the new figures that this Court remanded and

- 5 -

arrived at the same number that Gorilla overpaid to 13 Holdings, which was $1,412,212. (Doc. 10-2 at 136-37.)  The court added $268,840 for Gorilla Quick Cash Funds, plus prejudgment and post-judgment interest. (Id.) Further, the court awarded attorney's fees to Gorilla in the amount of $1,791,429.23 plus $16,456.74 as post-judgment interest, with a set-off of $127,058.35 in satisfaction of this Court's appellate attorney's fee award to 13 Holdings. (Id.)

This appeal followed.

## STANDARD OF REVIEW

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), a district court may refer actions within its bankruptcy jurisdiction to the bankruptcy court of that district. There are two types of bankruptcy proceedings delineated in 28 U.S.C. § 157; "core proceedings," which the bankruptcy court may "hear and determine" and on which the court "may enter appropriate orders and judgments," § 157(b)(1), [and] "non-core proceedings," which the bankruptcy court may hear, but for which the bankruptcy court is only empowered to submit proposed findings of fact and conclusions of law to the district court for *de novo* review, § 157(c)(1).

For core proceedings, the Bankruptcy Court's "findings of fact are reviewed under the clearly erroneous standard, and conclusions of law, *de novo*." In re Lazar, 83 F.3d 306, 308 (9th Cir. 1996). The Bankruptcy Court's award of attorney's fees and costs "should not be reversed absent an abuse of discretion or an erroneous application of the law." Id.  Although fee rulings are reviewed for an abuse of discretion, compliance with an appellate mandate is reviewed *de novo*. See Pit River Tribe v. U.S. Forest Serv., 615 F.3d 1069, 1080 (9th Cir. 2010) (compliance with mandate).

## DISCUSSION

13 Holdings argue that the Bankruptcy Court was not authorized to enter final judgment on Gorilla's unjust enrichment claim, that the Bankruptcy Court erred in denying 13 Holdings' Fed. R. Civ. P. 60(b) relief, that the Bankruptcy Court erred in ruling that 13

- 6 -

1  Holdings was unjustly enriched, and that the Bankruptcy Court erred in awarding attorney's
2  fees to Gorilla. The Court will jointly consider 13 Holdings' Rule 60(b) arguments and final
3  judgment arguments, and address the other arguments in turn.

### A. Final Judgment

After Judge Campbell issued his ruling on the first appeal but before the case was remanded to the Bankruptcy Court, the United States Supreme Court decided <u>Stern</u>. Based on the Supreme Court's ruling in <u>Stern</u>, 13 Holdings sought rehearing. On rehearing, Judge Campbell discussed the issues raised in <u>Stern</u> and applied them to the facts of this case, rejecting for the most part 13 Holdings' arguments, but did not definitively rule on the issues. Rather, Judge Campbell instructed that 13 Holdings raise its <u>Stern</u> arguments below, which would allow the Bankruptcy Court in the first instance to address the jurisdictional issues. (Doc 10-2 at 75.)

On remand, 13 Holdings moved to raise its <u>Stern</u> arguments pursuant to Rule 60(b)(4) and (b)(6). The Bankruptcy Court first denied 13 Holdings' Rule 60(b) motion to vacate judgment stating that any redetermination regarding its jurisdiction was *res judicata*, and secondly because the Rule 60(b) motion was untimely, characterizing the motion as falling under Rule 60(b)(1) or 60(b)(2), which have a one-year time limit. (<u>Id.</u> at 114-16.)

The Court disagrees that 13 Holdings' <u>Stern</u> arguments were *res judicata*. *Res judicata* provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Federated Dept. Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981) (citations omitted). However, *res judicata* applies only when there is a second action; it does not apply to continuing proceedings in the same litigation. <u>See</u> <u>In re Freeman</u>, 489 F.3d 966, 968 n.1 (9th Cir. 2007). Although the proceedings were on remand to the Bankruptcy Court and the Court's Orders regarding jurisdiction constitute a judgment on the merits on the issues not appealed, this case involves a single continuing lawsuit, not separate, parallel lawsuits. Thus, as this case was proceeding on remand in the same case, the doctrine of *res judicata* does not apply. <u>See id.</u>; <u>see also</u> <u>Arizona v. California</u>, 460 U.S. 605, 619 (1983) ("It is clear that *res judicata* and

- 7 -

1  *collateral estoppel* do not apply if a party moves the rendering court in the same proceeding
2  to correct or modify its judgment.").

3        Further, 13 Holdings' Rule 60(b) motion was not untimely.  A motion under Rule
4  60(b)(4) and 60(b)(6) must be brought within a reasonable time.  See In re Pacific Far East
5  Lines, Inc., 889 F.2d 242, 249 (9th Cir. 1989) (citing Rule 60(c)(1)).  13 Holdings timely
6  raised its arguments pursuant to Judge Campbell's instructions based on intervening Supreme
7  Court authority.  See id. at 250 (granting Rule 60(b)(6) review upon finding that "[t]his is not
8  a case where a litigant who has let the normal appeals channels lapse seeks to have a second
9  bite at the apple, or where the party seeking reconsideration has ignored normal legal
10 recourses.)

11       Therefore, the Court will consider 13 Holdings' Stern arguments regarding the
12 constitutional authority of the Bankruptcy Court to issue a final judgment in this matter, and
13 thus also determine whether 13 Holdings is entitled to Rule 60(b) relief.

14       13 Holdings argues that the Bankruptcy Court lacked constitutional authority to enter
15 final judgment on Gorilla's unjust enrichment claim because it is merely a state law claim that
16 seeks to augment the bankruptcy estate, and, according to Stern, such a claim requires final
17 adjudication by an Article III court.  (Doc. 10 at 14-23.)  13 Holdings concedes that Stern
18 recognized an exception stating that a state law claim to augment the bankruptcy estate may
19 be litigated in the context of claims allowance when such a claim would be necessarily
20 resolved in the claims allowance process. (Id.)  However, 13 Holdings contends that its proof
21 of claim against Gorilla alleging breach of contract–asserting that Gorilla owed it additional
22 monies under the APA–would not also necessarily and completely resolve Gorilla's claim
23 against 13 Holdings for unjust enrichment because Gorilla's unjust enrichment claim would
24 require the consideration of additional evidence, the issuance of factual findings and the
25 reaching of legal conclusions.  (Id.)  Thus, Gorilla's unjust enrichment claim is akin to the
26 counterclaim in Stern that the Supreme Court said could not constitutionally be decided and
27 final judgment entered by a Bankruptcy Court.  (Id.)  13 Holdings also maintains that the
28 Bankruptcy Court failed to properly distinguish Katchen v. Landy, 382 U.S. 323 (1966),

- 8 -

1 because <u>Katchen</u> was based on (1) consent, and (2) the fact that the bankruptcy trustee was
2 asserting a right of recovery created under federal bankruptcy law. (<u>Id.</u> at 10, (citing <u>Stern</u>,
3 131 S. Ct. at 2618.).)

4       Gorilla contends that this case is distinguished from <u>Stern</u> because 13 Holdings' breach
5 of contract claim and Gorilla's claim for unjust enrichment were simultaneously adjudicated
6 as necessary components of the Bankruptcy Court's claims allowance process. (Doc. 14 at
7 14-19.) Gorilla argues that when the Bankruptcy Court determined whether 13 Holdings was
8 owed any amounts under the seller note, the court also had to resolve whether 13 Holdings
9 had been overpaid (and thus unjustly enriched) on the seller note. (<u>Id.</u>) Although Gorilla
10 acknowledges that its overpayment (which gave rise to its unjust enrichment claim) rests on
11 some additional and different facts than what were included in 13 Holdings' proof of claim,
12 Gorilla argues that those different facts are part and parcel of the same proof of claim
13 determination. (<u>Id.</u>) Gorilla contends that once the proof of claim was resolved, unlike Vickie
14 Marshall's claims in <u>Stern</u>, there was nothing further for the court to determine with regard
15 to the merits of the unjust enrichment claim in the adversary proceeding. (<u>Id.</u>) Gorilla further
16 contends that <u>Stern's</u> discussion of <u>Katchen</u> and <u>Langenkamp v. Culp</u>, 498 U.S. 42 (1990),
17 support its position that the Bankruptcy Court had authority to issue a final judgment on
18 Gorilla's unjust enrichment counterclaim. (<u>Id.</u>)

19       In reply, 13 Holdings reiterated the same arguments it presented in its opening brief.
20 (Doc. 19 at 7-11.)

21       Based upon a *de novo* review of the legal issue presented, the Court finds that under
22 the unique facts of this case the Bankruptcy Court did have authority to issue a final judgment
23 under the new standard set forth in <u>Stern</u>. The Court finds that Gorilla's unjust enrichment
24 counterclaim was necessarily resolved by the Bankruptcy Court's resolution of 13 Holdings'
25 breach of contract proof of claim.

26       Although 13 Holdings is certainly correct that Judge Campbell, on rehearing, instructed
27 that the Bankruptcy Court have the first opportunity to address <u>Stern</u> (Doc. 10-2 at 75), the
28 Court also provided its initial comments regarding <u>Stern</u> in the context of this case. The Court

1 first stated that: "Stern framed its holding with regard to the unconstitutionality of [28 U.S.C.]
2 § 157(b)(2)(C) as applying in 'one isolated respect' – where a Bankruptcy Court 'enter[s] a
3 final judgment on a state law counterclaim that is not resolved in the process of ruling on a
4 creditor's proof of claim.' 131 S. Ct. at 2620." (Id. at 74.)  Under the facts of this case, the
5 Court also made its initial finding that the jurisdictional anchor under Stern was 13 Holdings'
6 proof of claim, and reiterated its earlier ruling that "Gorilla's counterclaims were core after
7 finding that the counterclaims were necessary to resolve 13 Holdings' claim." (Id.)

8       On remand, the Bankruptcy Court's alternative ruling also concluded that Gorilla's
9 counterclaim is exactly the kind of counterclaim that Stern held to be within the power of the
10 bankruptcy courts to resolve.  (Doc. 10-2 at 116-17.)  The Bankruptcy Court found that
11 Gorilla's counterclaim was necessarily resolved as part and parcel of the same determination
12 undertaken to resolve 13 Holdings' proof of claim because it arose out of the same
13 transaction.  (Id. at 117.)  The Bankruptcy Court found that the necessary resolution of
14 Gorilla's counterclaim was much simpler than handling a trustee preference claim under
15 Katchen, which is also under the core power of the bankruptcy courts.  (Id. at 117-19.)  In
16 finding that resolution of the counterclaim was part and parcel of the same determination, the
17 court reasoned: "the same must be said for Gorilla's counterclaim here which arises from the
18 very same APA contract on which the [p]roofs of claims rested." (Id. at 120.)

19       The Court agrees with the reasons previously set forth by both Judge Campbell in the
20 first appeal and the Bankruptcy Court on remand.  In addition, the contrast between the facts
21 at issue in Stern and the facts here compel the result.  In Stern, the creditor's proof of claim
22 for defamation and debtor Vicki Marshall's counterclaim for tortious interference with
23 contract and punitive damages were not part and parcel factually.  Resolution of the
24 defamation claim would not necessarily even come close to resolving the counterclaim.  As
25 Stern stated: "the counterclaim raises issues of law entirely different from those raised on the
26 defamation claim." 131 S. Ct. at 2617.  Here, the underlying APA contract controlled whether
27 or not 13 Holdings was entitled to additional monies as claimed or whether it had received
28 monies it was not entitled to, encompassing an unjust enrichment in favor of Gorilla.  Accord

1 Freeman v. Sorchych, 226 Ariz. 242, 251, 245 P.3d 927, 936 (App. 2011) (stating that to recover for unjust enrichment "a plaintiff must demonstrate that the defendant received a benefit, that by receipt of that benefit the defendant was unjustly enriched at the plaintiff's expense, and that the circumstances were such that in good conscience the defendant should provide compensation.")  The Bankruptcy Court was then required to apply legal principles in accordance with the facts established during bankruptcy proceedings.  Although it is acknowledged that the Bankruptcy Court had to finalize its finding of unjust enrichment, the underlying factual basis of 13 Holdings claim provided the substance necessary for the Bankruptcy Court to issue that ruling.  Thus, it is appropriate in this factual context to find that the Bankruptcy Court had jurisdiction to complete the proof of claims process and issue final judgment over Gorilla's counterclaim.

The Court rejects 13 Holdings' argument that the Bankruptcy Court misunderstood the dissimilarity between a Katchen claim and the claim at issue in Stern.  (Doc. 10 at 11-13.)  Certainly it is undisputed that for a Katchen claim, there is additional jurisdictional authority for the Bankruptcy Court to resolve a voidable preference claim.  See Stern, 131 S. Ct. at 2616-17.  However, in this case, the basic process utilized by the Bankruptcy Court is similar to the manner in which a Katchen voidable preference claim is resolved.  In a Katchen claim, once the bankruptcy judge decides whether there is a voidable preference, the judge then determines whether and to what extent to allow the creditor's claim.  It is in this context that the Stern Court remarked: once the judge decides whether there has been a voidable preference, "nothing remains for adjudication in [the district court]; such a suit would be a meaningless gesture."  Stern, 131 S. Ct. at 2616.  In the same vein, here, once the Bankruptcy Court litigated the factual basis of whether Gorilla owed additional monies to 13 Holdings under the terms and provisions of the APA, it had also litigated the factual basis of whether 13 Holdings had been unjustly enriched at Gorilla's expense.  Thus, nothing truly remained for adjudication in the district court; litigating the final aspects by finding an unjust enrichment would be a meaningless gesture.

Therefore, the Court finds that under the facts of this case the Bankruptcy Court had

1  authority to issue a final judgment on Gorilla's counterclaim under the new standard set forth
2  in Stern. Thus, 13 Holdings is not entitled to relief under either Fed. R. Civ. P. 60(b)(4) or
3  60(b)(6).

### B. Findings of Unjust Enrichment

5   13 Holdings argues that this Court's review of the finding of unjust enrichment must
6  be *de novo* because the Bankruptcy Court improperly issued a final judgment for Gorilla's
7  counterclaim rather than by proceeding and issuing findings of fact and conclusions of law
8  for review by the district court. (Doc. 10 at 18-23.) According to 13 Holdings, the Court
9  must "start from scratch" and proceed as the initial fact finder in order to determine whether
10 Gorilla established all elements of its unjust enrichment claim. (Id.) In this context, 13
11 Holdings argues that Gorilla made its overpayment voluntarily and in the face of risk,
12 therefore, Gorilla is not entitled to an award for unjust enrichment. (Id.) Finally, 13 Holdings
13 argues that the Bankruptcy Court improperly determined that Robb and Jillian Corwin were
14 liable for unjust enrichment. (Id.)

15  This Court has already resolved that the Bankruptcy Court did have authority to issue
16 final judgment on Gorilla's counterclaim, and was not required to proceed by way of proposed
17 findings of fact and conclusions of law. The Court rejects 13 Holdings' argument that this
18 Court must start from scratch and determine the facts and conclusions of law regarding
19 Gorilla's award of damages for unjust enrichment. Rather, Judge Campbell has already found
20 and affirmed Gorilla's unjust enrichment claim; Judge Campbell's ruling is now law of the
21 case.

22  The law of the case doctrine ensures the finality of legal issues decided in an earlier
23 proceeding in the same suit. See Arizona v. California, 460 at 619. Avoiding "reconsideration
24 of questions previously decided . . . during the course of a single case" promotes and
25 maintains "consistency[.]" United States v. Mills, 810 F.2d 907, 909 (9th Cir. 1987) (citation
26 omitted). Accordingly, the law of the case doctrine "ordinarily precludes a court from
27 reexamining an issue previously decided by the same court or a higher court in the same
28 case." Southern Ore. Barter Fair. v. Jackson Cnty., 372 F.3d 1128, 1136 (9th Cir. 2004)

1 (citation omitted). "For the doctrine to apply, the issue in question must have been decided
2 explicitly or by necessary implication in [the] previous disposition." United States v. Lummi
3 Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000) (citation and internal quotation marks
4 omitted).

5   In the first appeal, Judge Campbell reviewed, found and affirmed the Bankruptcy
6 Court's judgment in favor of Gorilla on its unjust enrichment claim. (Doc. 10-2 at 61-62.) It
7 is law of the case and will not be redetermined.

8   The Court also affirmed the final judgment naming 13 Holdings and the Corwins
9 individually and as a marital community liable to Gorilla for unjust enrichment. (Id. at 66.)
10 The Court rejects 13 Holdings' argument that this Court undertake a *de novo* review of the
11 facts and find that only 13 Holdings LLC is liable in judgment for unjust enrichment, not the
12 Corwins individually and as a marital community. (Doc. 10 at 22.) This finding too is law
13 of the case and will not be redetermined.

14   **C. Attorney's Fees**

15   13 Holdings states that the Bankruptcy Court on remand reinstated its previous
16 attorney's fee award and added "post-remand fees," even though Judge Campbell had already
17 ruled that Gorilla is not entitled to fees on the basis for which the Bankruptcy Court had
18 previously awarded them, and further finding that Gorilla was not entitled to fees based upon
19 the APA or A.R.S. § 12-341.01. (Doc. 10 at 32-33.) 13 Holdings argues that Judge
20 Campbell's attorney's fees rulings are law of the case. (Id.) This Court agrees.

21   In the first appeal, Judge Campbell reversed Gorilla's claims for fraud, negligent
22 misrepresentation, breach of contract, and breach of the implied covenant of good faith and
23 fair dealing. (Doc. 10-2 at 66.) Judge Campbell further reversed the award of $1 million in
24 lost profits, and vacated $1,742,034.15 in attorney's fees, costs, and related nontaxable
25 expenses (plus applicable interest) to Gorilla. (Id.) Judge Campbell affirmed Gorilla's claim
26 for unjust enrichment. (Id.)

27   Subsequently, both parties sought appellate attorney's fees. (Id. at 77-83.) Judge
28 Campbell reiterated that he had found that "Gorilla had no breach of contract claim related

- 13 -

1  to the seller note." (Id. at 80.)  The Court explained that Gorilla's unjust enrichment claim
2  was affirmed as an equitable remedy independent of Gorilla's contractual claim.  (Id. at 77-
3  83.)  Judge Campbell found that Gorilla's unjust enrichment claim was not related to the APA
4  for purposes of the APA's fee shifting provision, and therefore Gorilla could not recover
5  attorney's fees on this basis. (Id.)  Judge Campbell also found that an award of attorney's fees
6  to Gorilla would be inappropriate given that it did not prevail on the substance of its breach
7  of contract claim.  (Id.)  Next, Judge Campbell extensively discussed and found that Gorilla
8  also was not entitled to fees under A.R.S. § 12-341.01.  (Id.)

9        Judge Campbell's rulings denying Gorilla attorney's fees under the APA and A.R.S. §
10 12-341.01 are law of the case and should not have been disregarded and redetermined on
11 remand.  (See Doc. 10-2 at 84-90.)  Consequently, the Bankruptcy Court's final judgment
12 regarding attorney's fees in favor of Gorilla will be vacated and remanded.  On remand, the
13 Bankruptcy Court will determine whether, apart from Judge Campbell's rulings which are law
14 of the case, Gorilla is entitled to any attorney's fees for its proceedings in the Bankruptcy
15 Court.  13 Holdings will only be entitled to a setoff and reduction for appellate fees awarded
16 arising out of the first appeal.  Further, on remand, prejudgment interest must be recalculated
17 based on applicable federal law, not *res judicata*.

18 **CONCLUSION**

19       Accordingly, on the basis of the foregoing,

20       **IT IS HEREBY ORDERED** affirming the Bankruptcy Court's constitutional
21 authority to enter final judgment in this case.  (Doc. 1.)

22       **IT IS FURTHER ORDERED** affirming the Final Judgment entered by the
23 Bankruptcy Court in ¶¶ 1 and 2 in favor of Gorilla, except for the prejudgment interest
24 calculation which will be redetermined on remand.  (Doc. 1.)

25       **IT IS FURTHER ORDERED** denying 13 Holdings' Fed. R. Civ. P. 60(b) request to
26 vacate judgment and for this Court to redetermine its finding of unjust enrichment in favor of
27 Gorilla.

28       **IT IS FURTHER ORDERED** vacating the Bankruptcy Court's attorney fee award

1  in favor of Gorilla.

2  **IT IS FURTHER ORDERED** remanding this case to the Bankruptcy Court for
3  further proceedings consistent with this Order.

4  DATED this 26th day of March, 2014.

Stephen M. McNamee
Senior United States District Judge